IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| FARMHOUSE PARTNERS LIMITED PARTNERSHIP,<br><br>     Plaintiff,<br><br> v.<br><br>Multi-Housing Tax Credit Partners XXX,<br><br>     Defendant. | CV-21-48-BU-BMM<br><br>ORDER |

Plaintiff Farmhouse Partners Limited Partnership ("Farmhouse") filed a complaint against Defendant Multi-Housing Tax Credit Partners ("MHTCP") asserting that MHTCP failed to perform under the parties' partnership agreement regarding Farmhouse's purchase option. (Doc. 10 at 9). MHTCP moved to compel Farmhouse to produce documents withheld based on the common interest doctrine, or alternatively for these documents to be submitted to the Court *in camera* review. (Doc. 23 at 2). MHTCP also requested that the Court direct Farmhouse to submit a privilege log identifying "all communications between John Amsden and Susan Burrows beginning on September 20, 2016." (*Id.*) The Court held a hearing on

MHTCP's motion on December 9, 2021. The Court ordered Farmhouse to submit the 17 documents allegedly privileged under the common interest doctrine for *in camera* review. The Court has reviewed the 17 documents submitted by Farmhouse.

## I.  Farmhouse's Assertion of the Common Interest Doctrine

The Court's *in camera* review has revealed the documents entail transmittal email messages between John Amsden and Trent Gardener and attached documents, either prepared by MHTCP and sent to Farmhouse, or documents sent by Farmhouse to MHTCP. The Court's in camera review further reveals that the 17 documents and attachments should remain privileged under the common interest doctrine.

To assert attorney-client privilege under the common interest doctrine, a party must establish that (1) the communication is made by separate parties concerning a matter of common legal interest; (2) the communication is designed to further that effort; and (3) privilege has not been waived. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). The party must show that the withheld communication was made "in pursuit of a joint strategy in accordance with" an agreement. *See In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012).

The Court's *in camera* review has led it to make the following determinations: (1) Farmhouse has established that the parties in these communications shared a common legal interest in Farmhouse exercising the purchase option; (2) review of the documents confirms that the communications were in furtherance of the parties'

joint strategy for Farmhouse to exercise the option; and (3) the communications included only parties within the attorney-client privilege circle of Farmhouse, William Dabney, and Susan Burrows. The Court denies MHTCP's motion to compel production of these 17 documents.

## II. Privilege Log between John Amsden and Susan Burrows

Farmhouse has refused MHTCP's requests to produce a privilege log of communications between Susan Burrows and John Amsden on the basis that John Amsden represented Susan Burrows in the context of her divorce. (Doc. 28 at 20-23). Farmhouse argues that it is thus not in possession or control of communications between John Amsden and Susan Burrows. (*Id.*) The Court agrees with Farmhouse's contention that '[d]ocuments within an attorney's case file for one client are not within the possession, custody, or control of another client." (*Id.* at 21 (citing *Montgomery v. Wal-Mart Stores*, 2015 WL 11233385, *2 (S.D. Cal. Sept. 18, 2015))).

The Court also recognizes, however, that once John Amsden became of counsel to Farmhouse, communications between John Amsden and Susan Burrows may have arisen out of John Amsden's role as counsel to Farmhouse. Those communications may be in Farmhouse's "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1)(A). The Court thus determines that a privilege log is required for communications between John Amsden and Susan Burrows from the date that John

Amsden assumed his role as counsel to Farmhouse.

Nothing in the record indicates, and the parties failed to specify at the hearing, the precise date when Amsden assumed his role as counsel to Farmhouse. The Court will rely upon the parties to stipulate as to the date that Amsden assumed his role as counsel to Farmhouse. Farmhouse then must produce a privilege log of all communications between John Amsden and Susan Burrows from the stipulated date to the present.

Accordingly, **IT IS HEREBY ORDERED** that Defendant MHTCP's Motion for Production of Documents, or for *In Camera* Review, and for Privilege Log (Doc. 23) is **DENIED, IN PART, AND GRANTED, IN PART**.

1. Defendant's motion to produce the 17 withheld documents for *in camera* review is **GRANTED**.

2. Defendant's motion to compel the production of the 17 documents withheld under the common interest doctrine is **DENIED**.

3. Defendant's motion for a privilege log is **GRANTED, IN PART**. Plaintiff shall provide Defendant a privilege log of communications between Susan Burrows and John Amsden from the date that John Amsden assumed his role as counsel to Farmhouse to the present.

DATED this 10th day of December, 2021.

_____
Brian Morris, Chief District Judge
United States District Court