# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| FARMHOUSE PARTNERS LIMITED PARTNERSHIP, | CV-21-48-BU-BMM |
| Plaintiff, | ORDER ON AHI-TOWN PARC, LLC'S MOTION TO PERMISSIVELY INTERVENE AND UNSEAL DOCKET NO. 260 |
| vs. | |
| MULTI-HOUSING TAX CREDIT PARTNERS XXX, | |
| Defendant. | |

Intervenor AHI-Town Parc ("AHI") moves to permissively intervene pursuant to Fed. R. Civ. Pro. 24(b) for the limited purpose of unsealing the appraisal report (Doc. 260) in this matter ("*Farmhouse* litigation"). The Court filed the appraisal report under seal *sua sponte*. (Docs. 292 & 294.) AHI contends that Ninth Circuit caselaw supports its ability to intervene and its intervention will not cause delay or prejudice. (Doc. 293 at 6.) AHI further argues that unsealing the appraisal report should be allowed based on the presumption of public access to judicial records. (Doc. 295 at 8.)

## BACKGROUND

AHI is currently in litigation with affiliates of Defendant Multi-Housing Tax Credit Partners ("MHTCP"). *See AHI-Town Parc, LLC v. Multi-Housing Tax*

*Credit Partners LII, L.P.* ["Texas Litigation"], No. 112049-B-CV (Tex. Dist. Ct., 181st Judicial Dist.). AHI asserts that the Farmhouse litigation and the Texas litigation belong to a growing trend of suits against entities buying out limited partners in Low Income Housing Tax Credit ("LIHTC"). AHI alleges that these "aggregator entities" purchase the interests of the limited partners nearing the end of the 15-year minimum for tax benefits per the LIHTC. AHI further alleges that the aggregator entities then pursue or threaten litigation against the general partners in these partnerships to attempt to enforce liquidation of the asset as opposed to the terms for exercising options upon which the parties in the initial partnership agreed.

The Court appointed Kraig Kosena ("Kosena") to create an appraisal report using methods suggested by both the Plaintiff Farmhouse Partners Limited Partnership ("Farmhouse") and MHTCP to determine the valuation of the property in question in the Farmhouse litigation. (Doc. 245.) Kosena determined that the discounted cash flow method proved the most appropriate for assessing the value of the property as it "employ[ed] no extraordinary assumptions" or "hypothetical conditions." (Doc. 260 at 42.) The Court sealed the appraisal report *sua sponte*. The Court adopted the valuation method suggested by Kosena and, out of an abundance of caution, adjusted the amount that Kosena determined. (Doc. 259.)

2

MHTCP moved to amend or modify the Order on the Appraisal. (Doc. 284.) The Court denied MHTCP's motion to amend or modify the Order on Appraisal on May 13, 2026. (Doc. 290.) Farmhouse later filed a Notice of Satisfaction of Judgment on June 12, 2026. (Doc. 296.) AHI moved to unseal the report between these two filings on June 1, 2026. (Doc. 295 at 8.) AHI alleges that the information contained in the appraisal report remains "critically relevant to the proper interpretation of specific contract language" in its Texas Litigation, as well as other cases regarding LIHTC entities. (*Id.*)

## LEGAL STANDARD

A party that "has a claim or defense that shares with the main action a common question of law or fact" may permissively intervene under Federal Rule of Civil Procedure 24(b). For permissive intervention to be proper, the motion must also be timely and not cause prejudice or delay in the original action. Fed. R. Civ. Pro. 24(b). The Ninth Circuit has determined that "access to documents prepared for similar litigation involving the same parties" satisfies the commonality requirement of Rule 24(b). *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992). When determining timeliness, the Ninth Circuit considers "the stage of proceedings, . . . prejudice[,] . . . and the length of and reason for the delay . . . ." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997). The Ninth Circuit concluded in *Officers for Just. v. Civ. Serv.*

*Comm'n of City & Cnty. of San Francisco* that "a lapse of time is not determinative" but "a substantial delay will weigh heavily against intervention." 934 F.2d 1092, 1095 (9th Cir. 1991).

Regarding motions to unseal, the Ninth Circuit "strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman Indus., Inc.*, 966 F.2d at 475. Courts should deny access to private judicial records, however, if the files might "become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A party looking to rebut the presumption of access must provide "compelling reasons" for retaining protection. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006). Nonparties can seek permissive intervention in order to access judicial records. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose),* 187 F.3d 1096, 1100 (9th Cir. 1999).

## DISCUSSION

### I.    AHI Maintains a Right to Intervene Under Rule 24(b)

Under Rule 24(b), a party that "has a claim or defense that shares with the main action a common question of law or fact" may permissively intervene if their motion is timely and will not "unduly delay or prejudice" the original parties. AHI seeks to permissively intervene to unseal the appraisal report for litigation against MHTCP's affiliate in the Texas litigation. (Doc. 293 at 6-7.) MHTCP contends that

the intervention is untimely as the underlying action has been resolved. (Doc. 297 at 2.)

### A. Sufficient Commonality Exists Between AHI's Litigation and the *Farmhouse* Litigation

AHI argues that it may permissively intervene in this action because the option being exercised in the Texas litigation presents sufficient commonality with the option here. (Doc. 293 at 4.) AHI also claims that intervention would be proper because the defendant in the Texas litigation is an affiliate of MHTCP. (*Id.*) MHTCP counters that the litigation in Texas differs substantially. (Doc. 297 at 2.)

When a party seeks to intervene only for the limited purpose of modifying a protective order or to unseal a document, rather than to litigate a claim on the merits, courts do not require either an independent jurisdictional basis or a "strong nexus of fact or law." *Beckman*, 966 F.2d at 473. In *Beckman*, the parties disputed whether the plaintiff's insurance policies covered certain environmental liabilities. *Id*. at 471. After settlement, the court placed a blanket protective order over six depositions from employees who were responsible for the administration of the insurance policies. *Id*.

Several parties involved in litigation in state court against the defendant regarding the same insurance policies later moved to intervene in the main action to unseal the depositions. *Id.* The court determined that "[t]he issue of interpretation of the policy supplies a sufficiently strong nexus between the district

court action and the state actions to satisfy the commonality requirement." *Id.* at 474. The court went on to specify, however, that in instances where "a party seeks to intervene only for the purpose of modifying a protective order[,]" no such nexus is necessary. *Id.* (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)).

AHI satisfies the commonality requirement. The options and affiliations involved in the *Farmhouse* litigation and Texas litigation prove analogous to *Beckman*. As the intervenors in *Beckman* moved to unseal depositions that would aid in their action against the same defendant, AHI moves to unseal a report that will inform which valuation method would be proper in exercising its option with a party under the same parent as MHTCP. Like the intervenors in *Beckman*, AHI is involved in an action that centers around the same main issue as the original action. The intervenors in both cases seek access to documents that the court relied upon when deciding the same issue at question against either the same, or significantly affiliated defendant.

MHTCP argues that the litigation in Texas differs substantially. Even if this were true, the court in *Beckman*, after recognizing that the commonality was sufficient in the subsequent actions, clarified that such commonality is not necessary in instances where an intervenor looks only to modify a protective order.

6

*Id.* (citing *United Nuclear Corp.*, 905 F.2d at 1427). AHI moves to intervene for the purpose of unsealing records. The commonality requirement has been satisfied.

Finally, courts give strong deference to the presumption for public access to judicial records. *Nixon*, 435 U.S. at 598. Protection of the public's access to judicial records remains paramount and "a precious common law right, one that predates the Constitution." *Id.* at 612. If MHTCP wished to contest this presumption, it should have introduced in its response evidence or an argument for the continued confidentiality beyond the Court's initial decision to seal and the matter's resolution. (Doc. 297.) AHI's limited intervention to unseal documents along with the precedential preference for access to judicial records sufficiently satisfies the commonality requirement for permissive intervention.

### B. AHI's Permissive Intervention Will Not Unduly Delay or Prejudice the Parties

The Court must next determine whether AHI's intervention will cause delay or prejudice to the parties in this action. Fed. R. Civ. Pro. 24(b). The Ninth Circuit has resolved that when a matter has been settled, "intervention has little effect on the original parties' underlying rights." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1354 (9th Cir. 2013). Several other circuits similarly follow this rule by holding that seeking to intervene after a suit is resolved to unseal documents represents a collateral action that does not impact the initial parties. *See United Nuclear Corp.,* 905 F.2d at 1427 (no prejudice present when a

7

matter has been settled and "intervention is for a collateral purpose"); *see also*

*Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988); *Meyer*

*Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987).

MHTCP argues that permissive intervention proves improper because the original action has been fully resolved. (Doc. 297 at 2.) MHTCP failed to introduce evidence or argument to allege that intervention after such resolution would introduce prejudice. Farmhouse does not object to AHI's intervention and motion to unseal the appraisal report. (Doc. 295 at 2.) To allow AHI to permissively intervene to unseal the appraisal report further promotes judicial economy. If the appraisal report in the *Farmhouse* litigation has the potential to spare the court the commission of an additional report for the Texas litigation, it is indeed more useful than it is prejudicial. The lack of evidence introduced by MHTCP to demonstrate prejudice and the Court's determination that intervention to unseal after a matter has been resolved does not create prejudice, indicates that permissive intervention would not create undue delay or prejudice.

### C. AHI Timely Moved for Intervention

Timeliness depends on three factors under the totality of the circumstances: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). "The 'stage of

proceeding' factor uses a 'nuanced, pragmatic approach' to examine whether the district court has substantively—and substantially—engaged the issues in [the] case.'" *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 826 (9th Cir. 2021) (citation omitted).

A court may consider the time elapsed since the proceeding's initiation, how much activity has yet occurred in the case, and whether the court has issued rulings in the case when analyzing the "stage of the proceeding" factor. *See Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). The Ninth Circuit ruled in *Smith* that a district court had abused its discretion when finding that motions to intervene submitted more than 70 days after the would-be intervening party learned their interests would not be represented was untimely. *Id.* The Ninth Circuit reversed and remanded the denial of the motion to intervene because courts "have found motions to be timely even in the face of *longer* delays . . . ." 843 F.3d at 861 (emphasis in original).

"Motions to intervene for the purpose of seeking modification of a protective order in long-concluded litigation are not untimely." *Blum*, 712 F.3d at 1353. In practice, parties may intervene "to challenge confidentiality orders" "long after a case has been terminated." *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 (3d Cir. 1994)); *see also Olympic Refining Co. v. Carter*, 332 F.2d 260, 265 (9th Cir. 1964) (upholding a district court's decision to let an

intervenor access discovery, even though the government's case had concluded almost three years earlier). MHTCP provides no caselaw or other legal authority to support its contention that a party may not intervene for the limited purposes of seeking a court to unseal a document where an underlying action has been resolved. (*See* Doc. 297 at 2.) *Blum* controls here. AHI's intervention at this time is proper.

## II.     Unsealing the Appraisal Report is Proper

Courts historically recognize a "general right to inspect and copy public records and documents . . . ." *Nixon*, 435 U.S. at 597. Courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). To overcome this presumption, a party seeking to seal or prevent unsealing of a judicial record must bring "compelling reasons" that outweigh historical protection of access. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). A court must use the "compelling reasons" to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. This standard remains the same whether a party seeks to disclose records that are dispositive, as well as documents previously filed under seal. *Foltz*, 331 F.3d at 1136.

Intervenors in *Foltz* sought access to sealed court records for use in collateral litigation against the defendants. 331 F.3d at 1127. The Ninth Circuit

10

concluded that without "compelling reason for secrecy[,]" a court must not maintain a seal on a record and required the opposing defendants to "show good cause . . . for continuing protection . . . ." *Id*. at 1138–39. Here, as in *Foltz*, AHI seeks to unseal the appraisal report for use in litigation against MHTCP's affiliates. (Doc. 295.) MHTCP has offered no argument, never mind compelling reason or good cause, why the appraisal report should remain sealed. (Doc. 297.) MHTCP's contention that the report must remain sealed as it initially had been filed under seal distorts the law in the Ninth Circuit. *See Foltz*, 331 F.3d at 1138. A strong presumption exists in our courts for access to judicial records. The lack of compelling reasons raised by MHTCP for maintaining protection, further supports unsealing the appraisal report.

## ORDER

Given AHI's common claim against MHTCP's affiliates, AHI's timeliness, the lack of evidence that intervention or access would cause prejudice or delay, and the strong presumption for access, the Court grants both AHI's permissive intervention and motion to unseal the appraisal report. (Docs. 292 & 294.) **IT IS FURTHER ORDERED** that the Clerk of Court shall unseal the appraisal report (Doc. 260) and make it available on the public docket.

DATED this 10th day of July, 2026.

Brian Morris, Chief District Judge
United States District Court

12